**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOHNATHAN A. ROSE,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv256**

**SUPERINTENDENT, RICHMOND CITY JUSTICE CENTER,**

**Respondent.**

# MEMORANDUM OPINION

Petitioner, a Virginia detainee proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 3). According to Petitioner, he has not been convicted or sentenced. (*Id.* at 1.) By Memorandum Order entered on July 24, 2026, the Court directed Petitioner, within twenty (20) days of the date of entry thereof, to show good cause why the Court should not dismiss the § 2241 Petition for lack of exhaustion. (ECF No. 7.) More than twenty (20) days have elapsed, and Petitioner has not responded.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* (alteration in original)

(quoting *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951)). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition maybe resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand."). Here, the issues raised by Petitioner, in his § 2241 Petition may be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution").

Petitioner fails to demonstrate any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, the § 2241 Petition and the action will be DISMISSED WITHOUT PREJUDICE because Petitioner has failed to exhaust available state

remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Williams v. Simmons*, No. 3:10CV709–HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing without prejudice similar habeas petition by pretrial detainee).

An appropriate Order will accompany this Memorandum Opinion.

Date: 8/19/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge